IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 09-cv-02490-CMA-BNB

WESTERN CAPITAL PARTNERS LLC, a Colorado Limited Liability Company,

   Plaintiff,

v.

CHICAGO TITLE INSURANCE COMPANY, a Nebraska Corporation,

   Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR CHANGE OF VENUE**

This matter is before the Court on Defendant Chicago Title Insurance Company's ("Chicago Title") Motion for Change of Venue (Doc. # 8). For the following reasons, Defendant's Motion is granted.

## I. BACKGROUND[1]

On October 22, 2009, Plaintiff Western Capital Partners LLC ("Western Capital") initiated this declaratory judgment action to resolve a dispute concerning the parties' duties and obligations under a title insurance policy that Plaintiff had purchased from Defendant. Plaintiff had purchased the title insurance policy to insure the validity, enforceability, and priority of certain mortgages that secure loans made by Plaintiff

---

[1] Unless otherwise noted, the following summary of facts has been taken from the Complaint (Doc. # 1).

relative to the purchase of several parcels of real property located in the Chicago, Illinois area (the "Insured Mortgages").

In and around August 2007, Plaintiff filed several foreclosure actions in the Circuit Court of Cook County, Illinois, to foreclose on several of the Insured Mortgages (the "Foreclosure Actions"). Subsequently, in the Circuit Court of Cook County, Chancery Division, Plaintiff was sued by several parties who claimed to have interests in the foreclosure properties that were the subject of the aforementioned insurance policy (the "Ridgeland Litigation").[2]

In February 2008, Plaintiff submitted a title insurance claim to Defendant requesting that Defendant fulfill its purported duty to defend Plaintiff in the Ridgeland Litigation pursuant to the aforementioned insurance policy.[3] In June 2008, Plaintiff supplemented its claim against Defendant for defense costs to include challenges raised in the Foreclosure Actions. Defendant allegedly did not respond promptly to Plaintiff's request and repeated inquiries. Eventually, in a reservation of rights letter, Defendant stated that it would only provide defense costs for a subset of the Ridgeland Litigation, but was silent regarding costs incurred in the Foreclosure Actions. A few months later, Defendant informed Plaintiff that it would only pay 44% of a limited number of Plaintiff's defense costs, despite an alleged duty to cover the entirety of

---

[2] Both the Ridgeland Litigation and the Foreclosure Actions will be referred together as the Underlying Litigation.

[3] At some point, Plaintiff also tendered the defense of the Ridgeland Litigation to Philadelphia Indemnity Insurance Company ("Philadelphia").

Plaintiff's defense costs in connection with the Underlying Litigation.  Consequently, Plaintiff filed the instant Complaint and asserted claims for declaratory judgment, bad faith breach of insurance contract, unreasonable delay or denial of payment of a claim, breach of contract, and breach of fiduciary duty.

On November 11, 2009, Defendant filed the instant Motion for Change of Venue and requested that this action be transferred to the Northern District of Illinois where a related matter is pending.[4]  (Doc. # 8 at 1, 3.)  In pertinent part, Defendant contends that:

> All of the underlying events took place in Illinois; the Policy was solicited, underwritten, paid for, and issued in Illinois; and the claim giving rise to this action arose (and is still pending) in Illinois.  There is a prior-filed action pending in Illinois that addresses the central issue in this case – is [Plaintiff] Western Capital entitled to coverage from [Defendant] Chicago Title beyond what Chicago Title has already provided?

(*Id.* at 3.)

On December 11, 2009, Plaintiff responded to Defendant's Motion and noted that it had no objection to a change of venue to the Northern District of Illinois, Eastern Division.  (Doc. # 13.)  On December 18, 2009, at a motions hearing before United

---

[4] The related Northern District of Illinois litigation was initially filed by Philadelphia Indemnity Insurance Company in the Circuit Court of Cook County, Illinois against instant Plaintiff Western Capital and Defendant Chicago Title.  Defendant Chicago Title removed the case to the Northern District of Illinois.  (Doc. # 8 at 3.)

States Magistrate Judge Boyd N. Boland,[5] Plaintiff reiterated that it did not oppose a change of venue. (Doc. # 15.)

## II. ANALYSIS

Pursuant to 28 U.S.C. § 1404(a), courts have the discretion to transfer cases for the convenience of the parties and witnesses and in the interest of justice. Motions to transfer should be considered on an individualized, case-by-case basis. *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). When ruling on a motion to transfer, courts should consider the following factors: (1) plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles of a fair trial; (6) difficulties that might arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and economical. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

---

[5] Pursuant to an October 27, 2009 Order of Reference, this action was referred to Magistrate Judge Boland for all non-dispositive proceedings, pursuant to 18 U.S.C. §§ 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b). (Doc. # 2.)

Upon review of these factors, the Court finds that transfer of this action to the Northern District of Illinois is warranted. Given that Plaintiff has no objections to Defendant's request for a change of venue, Plaintiff appears to concede that nearly every aspect of this case revolves around Chicago, including that: a majority of the evidence and witnesses are located in Chicago; the property subject of the Underlying Litigation lies in Chicago; the policy was underwritten in Chicago; the policy was completed, signed, and issued in Chicago; Plaintiff's claim was handled in Chicago; and the Underlying Litigation giving rise to Defendant's alleged duty to defend is pending in Chicago before the Northern District of Illinois. (*See* Doc. # 8 at 5-7.) Further, no apparent dispute exists as to the application of Illinois law to the insurance policy claims at issue. Furthermore, inconsistent results could arise from having two related cases pending before two different courts.

For the foregoing reasons, the Court finds that, for the convenience of parties and witnesses and in the interest of justice, transfer to the Northern District of Illinois is warranted.

Accordingly, it is ORDERED that Defendant Chicago Title Insurance Company's Motion for Change of Venue (Doc. # 8) is GRANTED.

IT IS FURTHER ORDERED that this action be transferred to the Northern District of Illinois, Eastern Division for further prosecution and adjudication.

DATED: March   11  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge